UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MASSACHUSETTS PROPERTY | ) | |
| INSURANCE UNDERWRITING | ) | |
| ASSOCIATION, as Subrogee of | ) | |
| WILLIAM RHEAULT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 10-12249-JGD |
| | ) | |
| LG ELECTRONICS U.S.A., INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

October 22, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

This products liability action arises out of a fire that occurred on October 15, 2008 at the home of William Rheault.[1] The home was insured by the plaintiff, Massachusetts Property Insurance Underwriting Association ("MPIUA"). After MPIUA made payments to Mr. Rheault under the terms of his homeowner's policy, it brought this action, as subrogee of Mr. Rheault, against defendants LG Electronics U.S.A., Inc. ("LG"), General Electric Company ("GE"), and Lowe's Home Centers, Inc. ("Lowe's"), claiming that the fire was caused by a microwave oven that had been designed and manufactured by LG

---

[1] The pleadings contain two different spellings of Mr. Rheault's surname. This court has used the spelling that is consistent with the documentary evidence.

and GE, and had been marketed and sold to the general public by Lowe's.  By its complaint, MPIUA asserted claims against LG and GE for negligence, breach of warranties, and violation of Mass. Gen. Laws ch. 93A ("Chapter 93A"), and against Lowe's for breach of warranties and violation of Chapter 93A.  However, the plaintiff has since dismissed its claims against Lowe's, leaving only its claims against LG and GE.

The matter is presently before the court on "Defendants, LG Electronics U.S.A., Inc. and General Electric Company's Motion for Summary Judgment and Separate and Final Judgment" (Docket No. 26).  By their motion, LG and GE are seeking summary judgment in their favor on all of MPIUA's claims on the grounds that the plaintiff has failed to present sufficient testimony from its expert to establish that there was a defect in the microwave oven or that the defect caused the fire in Mr. Rheault's home.  For all the reasons detailed below, this court finds that the plaintiff's evidence is adequate to make the necessary showing.  Accordingly, the defendants' motion for summary judgment and for separate and final judgment is DENIED.

## II. **STATEMENT OF FACTS**[2]

The following facts are undisputed unless otherwise indicated.

On October 15, 2008, a kitchen fire occurred in the Beverly, Massachusetts home of MPIUA's insured, William Rheault. (DF ¶ 1; Pl. Ex. 1). Members of the Beverly Fire Department responded to the scene, extinguished the fire, and conducted an investigation. (PF ¶ 1; Pl. Ex. 1). During the investigation, Deputy Chief Walsh observed that "the lowest fire pattern came from the wall mounted microwave[,]" and that "[o]n the upper left side of the microwave there was a[n] up and out pattern that extended to the upper cabinet and burned into the inside of the cabinet." (Pl. Ex. 1 at 6). He subsequently reported, based on an examination of the scene by a fire investigator/electrician, that "[t]he most probable cause of ignition was found to be the malfunctioning microwave." (Id.).

Following the fire, MPIUA retained Richard J. Splaine, ME, CFI of Splaine Investigations Inc. to conduct an investigation into the origin and cause of the fire. (Pl. Ex. 2). Mr. Splaine examined Mr. Rheault's property and conducted interviews with the homeowner and the Beverly fire investigator. (Id. at 1). In a letter to the plaintiff dated

---

[2] The facts are derived from (1) the defendants' Statement of Undisputed Material Facts (Docket No. 28) ("DF"); (2) the exhibits attached to the defendants' Memorandum of Law (Docket No. 27) ("Def. Ex. __"); (3) the Undisputed Material Facts ("PF") set forth in plaintiff's Statement of Undisputed Material Facts (Docket No. 29-1); (4) the plaintiff's Response to Defendant's Statement of Undisputed Material Facts ("PR"), which is set forth in the plaintiff's Statement of Undisputed Material Facts (Docket No. 29-1); and (5) the exhibits attached to the plaintiff's Statement of Undisputed Material Facts (Docket No. 29-1) ("Pl. Ex. __").

November 5, 2008, Mr. Splaine opined that the fire had originated "in the kitchen at the location of the microwave oven[,] and that "[t]he ignition source of the fire came from a malfunction within the microwave oven at the top where the fan motor, circuit board and control circuitry is located." (PF ¶ 3; DF ¶ 6; Pl. Ex. 2 at 1). He further stated that his investigation "eliminated the mechanical and electrical components of the dwelling, including the plug that was used to energize the microwave." (PF ¶ 4; DF ¶ 6; Pl. Ex. 2 at 2). Mr. Splaine's opinion is the only expert opinion that has been produced by MPIUA in connection with the defendants' motion for summary judgment. (See DF ¶ 6; PR ¶ 6).

It is undisputed that Mr. Rheault purchased the microwave oven approximately two to three months before the fire, and that he did not alter, repair, or otherwise manipulate the microwave oven after he installed it in his home. (Pl. Ex. 2 at 2; PF ¶ 5). Furthermore, there is no dispute that on the date of the fire, the microwave was in the same condition as it had been in on the date it was purchased. (PF ¶ 5). Mr. Rheault reported that he had used the microwave at lunch time on the day of the fire, and had not noticed any problems. (Pl. Ex. 2 at 2).

### III. ANALYSIS

A. **Summary Judgment Standard of Review**

Summary judgment is appropriate when the moving party shows, based on the discovery and disclosure materials on file, and any affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]n issue is 'genuine' if it 'may reasonably be resolved in favor

of either party.'" Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)). "A fact is material only if it possesses the capacity to sway the outcome of the litigation under the applicable law." Id. (quotations, punctuation and citations omitted).

The moving party bears the initial burden of establishing that there is no genuine issue of material fact. See Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010). If that burden is met, the opposing party can avoid summary judgment only by providing properly supported evidence of disputed material facts that would require trial. LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, 511 U.S. 1018, 114 S. Ct. 1398, 128 L. Ed. 2d 72 (1994). Accordingly, "the nonmoving party 'may not rest upon mere allegation or denials of his pleading,'" but must set forth specific facts showing that there is a genuine issue for trial. Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)). The court must view the record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. See Vineberg, 548 F.3d at 56. "If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate." Walsh v. Town of Lakeville, 431 F. Supp. 2d 134, 143 (D. Mass. 2006).

    **B.**    **Sufficiency of MPIUA's Evidence**

The defendants argue that they are entitled to summary judgment because MPIUA has failed to produce evidence necessary to prove its claims against them for negligence and breach of warranties.  In particular, the defendants argue that the plaintiff has failed to come forward with expert testimony establishing that there was a defect in the microwave oven, or that any such defect caused the fire giving rise to its claims.  (Def. Mem. (Docket No. 27) at 4-6).  This court finds that MPIUA's reliance on Mr. Splaine's expert opinion is sufficient to make the requisite showing. Therefore, MPIUA has set forth specific facts showing that there is a genuine issue for trial.

## Scope of the Plaintiff's Burden

In order to prevail on claims for negligence and breach of warranties in a products liability action, the plaintiff must present evidence showing that there was a defect in the design or manufacture of the product at the time it was sold, and that the defect caused the plaintiff's damages. See Santos v. Sunrise Med., Inc., 351 F.3d 587, 591-92 (1st Cir. 2003) (affirming denial of defendant's motion for judgment as a matter of law on plaintiff's negligence and breach of warranty claims where reasonable jury could have found that the accident was caused by a design defect in a hydraulic lift, and that defect existed at the time it left the manufacturer).  Moreover, because "[t]he presence of such a defect cannot be inferred in the absence of expert testimony[,]" it is incumbent upon the plaintiff to present expert testimony identifying the defect and linking that defect to the alleged harm. Enrich v. Windmere Corp., 416 Mass. 83, 87, 616 N.E.2d 1081, 1084 (1993). See also Goffredo v. Mercedes-Benz Truck Co., Inc., 402 Mass. 97, 104, 520 N.E.2d 1315,

1319 (1988) (finding that the "nature of the alleged design defect and the causal relation between the defect and the plaintiff's accident were appropriately the subject of expert testimony"). In the instant case, it is undisputed that at the time of the fire, the microwave oven was in the same condition as it had been in at the time it was sold to Mr. Rheault. (PF ¶ 5). Furthermore, MPIUA has presented Mr. Splaine's expert opinion that the cause of the fire was "a malfunction within the microwave oven at the top where the fan motor, circuit board and control circuitry is located" to show that there was a defect in the microwave which caused the fire and resulted in the plaintiff's loss. (PF ¶ 3; DF ¶ 6).

The defendants contend that Mr. Splaine's opinion is insufficient to satisfy the plaintiff's burden of proof because it does not "specify[ ] a defect which existed at the time of the microwave's sale and the manner in which any such defect caused the fire." (Def. Mem. at 6). This court disagrees. As illustrated by the decision of the Massachusetts Appeals Court in Collins v. Sears, Roebuck & Co., 31 Mass. App. Ct. 961, 583 N.E.2d 873 (1992), a case involving facts that are strikingly similar to those presented in this case, Mr. Splaine's opinion is adequate to satisfy the plaintiff's evidentiary burden under Massachusetts law.

In Collins, the purchasers of an electric dryer brought an action against the retailer, Sears, Roebuck & Co. ("Sears"), claiming that Sears had breached the implied warranty of merchantability, and that its breach had resulted in a fire which destroyed their home. Collins, 31 Mass. App. Ct. at 961, 583 N.E.2d at 873. After a jury returned a verdict in

favor of the plaintiffs, Sears appealed, arguing in relevant part that the evidence was insufficient to sustain the verdict. Id. at 961, 583 N.E.2d at 874. The Appeals Court disagreed and affirmed the judgment. Id.

The Appeals Court explained, as an initial matter, that in order to prevail on their warranty claim, "the plaintiffs had the burden of showing that a defect existed in the dryer at the time of sale." Id. It then examined the evidence on that point in the light most favorable to the plaintiffs. Id. Significantly, the Court noted that the plaintiffs had not experienced any problems with the dryer prior to the fire. Id. It also emphasized that during the trial, the plaintiffs had introduced testimony from two experts. Id. at 961-62, 583 N.E.2d at 874. The first expert testified "that the fire started directly behind the dryer[,]" and the second expert opined that "the probable cause of the fire was the electrical system within the dryer." Id. The Appeals Court found that this evidence "was sufficient to warrant an inference on the jury's part that some defect in the electrical system, present at the time of sale, caused the fire." Id. at 962, 583 N.E.2d at 874.

The Collins court specifically rejected Sears' argument that the plaintiffs had not met their burden because their expert in electrical systems was unable to identify the precise defect within the dryer's electrical system. Id. In particular, the Court acknowledged that greater specificity likely was not possible in light of the damage to the dryer that had been caused by the fire, and it noted the lack of any precedent "requiring a higher degree of specificity in the circumstances." Id. Accordingly, the Appeals Court found that "it was sufficient for [the expert] to link the fire to the electrical system

generally without being specific as to the exact defective part[,]" and it upheld the judgment in favor of the plaintiffs.  Id.

The facts described in Collins demonstrate that Mr. Splaine's testimony is sufficient to withstand summary judgement in this case.  Thus, although Mr. Splaine did not specifically use the word "defect" to describe the cause of the fire, and did not pinpoint the precise source of the ignition within the microwave oven, Collins illustrates that no such specificity is required for MPIUA to prevail on its products liability claims.  Rather, under Collins, Mr. Splaine's opinion that the fire was caused by "a malfunction within the microwave oven at the top where the fan motor, circuit board and control circuitry is located," coupled with the undisputed fact that the microwave was in the same condition on the date of the fire as it had been in on the date of purchase, supports a reasonable inference that some defect in the microwave oven, present at the time of sale, caused the fire in Mr. Rheault's kitchen.  Therefore, the plaintiff has shown that there is a genuine issue of disputed fact, which warrants the denial of the defendants' motion.

### Defendants' Challenge to Collins

The defendants nevertheless suggest that Collins should not be controlling here because it constitutes "a departure from the weight of authority of the Massachusetts Supreme Judicial Court concerning the sufficiency of evidence in a product liability case." (Def. Reply Mem. (Docket No. 30) at 1).  However, Collins has never been overruled by the Supreme Judicial Court ("SJC") and remains good law.  In fact, in Enrich, a case highlighted by the defendants in support of their motion, the SJC cited

Collins in support of its ruling that that "[t]he presence of . . . a defect cannot be inferred in the absence of expert testimony." Enrich, 416 Mass. at 87, 616 N.E.2d at 1084. The First Circuit also has cited Collins without questioning its authority. See Santos, 351 F.3d at 591.

Furthermore, nothing in the SJC cases referenced by the defendants suggests that Collins is an aberration from the ordinary standard applied to products liability cases under Massachusetts law. In most of those cases, the SJC upheld a judgment in favor of the defendant because the plaintiff had failed to present any expert testimony at all. See Enrich, 416 Mass. at 83-89, 616 N.E.2d at 1082-85 (affirming directed verdict for defendant on claims for negligence, breach of warranty and violation of Chapter 93A where plaintiff failed to present expert testimony to establish presence of a defect which caused the harm); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 708-17, 575 N.E.2d 734, 736-41 (1991) (affirming summary judgment for defendant on plaintiff's products liability claims where plaintiff had no expert to prove the existence of a defect at the time the product was purchased); Triangle Dress, Inc. v. Bay State Serv., Inc., 356 Mass. 440, 441-42, 252 N.E.2d 889, 891 (1969) (finding that plaintiff's evidence was insufficient to warrant submission of negligence claim to jury where there was "a complete absence of expert opinion testimony" and jury was "left to conjecture and surmise about the cause of the fire" (quotations and citations omitted)). In the remaining case, the SJC upheld a judgment for the defendant because the plaintiff's expert "was unable to state his opinion in terms of probabilities and not possibilities[,]" and his

opinion was speculative and lacked probative value. <u>Goffredo</u>, 402 Mass. at 102-03, 520 N.E.2d at 1318. Nothing in these cases is at odds with the Appeals Court's decision in <u>Collins</u>. Therefore, the defendants have not shown that <u>Collins</u> conflicts with the weight of authority, or that it should not apply in this case. Because <u>Collins</u> is directly applicable to the facts of this case, and supports MPIUA's products liability claims in this matter, the defendants' motion for summary judgment is denied.

## IV. <u>CONCLUSION</u>

For all the reasons detailed herein, the "Defendants, LG Electronics U.S.A., Inc. and General Electric Company's Motion for Summary Judgment and Separate and Final Judgment" (Docket No. 26) is DENIED.

        / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge